CLINTON WEST, Respondent, *v.* BENJAMIN S. VAN TUYL *et al.*, as Executors, etc., Appellants.

*Court of Appeals, January 14, 1890.*

Affirming 49 Hun, 605, Mem.

1. *Appeal. Findings.*—The findings of fact by a referee upon conflicting evidence, affirmed by the general term, are not subject to further review in the court of appeals.

2. *Same. Report of referee.*—The report of a referee will be presumed to be correct until the contrary is shown. The court of appeals will not search for grounds on which to differ from the court below.

3. *Evidence. Account books.*—An account book containing an account of work done, not only for the defendant, but for other parties, and shown to be correctly kept, and recognized by defendant in his settlements with other persons as accurate, is admissible in evidence.

4. *Appeal. Exceptions.*—In the absence of an exception to a finding of fact by a referee, or of a request to find differently, the finding is not reviewable in the court of appeals.

This action was brought to recover from the original defendant, the present defendant's testator, for services alleged to have been rendered under a contract in writing.

Appeal from a judgment of the general term, affirming a judgment entered upon the report of a referee.

*Jay K. Smith,* for appellants.

*Wm. H. Nichols,* for respondent.

PER CURIAM.—As given by the record, the title of this case is Thomas Van Tuyl, appellant, against Clinton West, respondent. It appears, however, that West was plaintiff and Van Tuyl in fact defendant, and, he having died, Benjamin S. Van Tuyl and John T. Van Tuyl, executors of his will, were by order of the supreme court, at special term,

substituted in his place as defendants. Whether entries adapted to preserve regularity in the proceedings have been entered in this court does not appear. But, assuming that to have been done, we have examined the case in view of the appellant's assignment of error in the rulings of the referee. We find none, however, which affects in any degree the validity of his decision.

First in apparent magnitude is the proposition of the learned counsel for the appellant that " the evidence shows the defendant was entitled to recover, and not the plaintiff." Of course if it appears from the whole record that judgment was given for one of the parties, when it should have been given for the other, this will be error in law. But we cannot reach that conclusion when the inquiry involves the weighing of testimony, or an examination of the credibility of witnesses. The argument of the counsel involves both. The plaintiff makes by his evidence a clear case for recovery, but the appellant's counsel contends that " the plaintiff is shown unworthy of credit as a witness," and calls our attention to instances where he is contradicted by others, and also asserts the suppression or disappearance of books of accounts during the trial. Whether these and other like assertions are true or not, must for our purpose be deemed immaterial, for, however plausible the contention might seem, it has had, or might have had, its opportunity before the referee, and also before the supreme court. It cannot be successfully repeated here. Nor do we find anything in the record to make us wish it might be.

Another and specific point presented by the appellant is " that the finding of the referee as to the amount of lumber sawed, stuck up and sold by the plaintiff, is unsupported by evidence of any kind." An answer to this proposition is found in the fact that no exception was taken to the finding nor any request made to find differently. For aught that appears it was acquiesced in, or conceded to be true. But that some amount was proven is even now conceded.

Six other points consist of simple assertions, that this or that question calling for evidence and found on certain pages of the record, was improperly allowed to be answered. In this respect no ground of error has been suggested either in the points or on oral argument, nor is any sufficient reason given for the claim made.

An objection so stated is rarely if ever entitled to consideration in an appellate court. On the contrary a verdict, or a report of a referee and the rulings of a trial judge will be presumed to be correct until the contrary is shown. It would be not only unreasonable but unjust to regard them in any other manner. Nor can we be required to search for grounds on which to differ from the court below.

The only point which presents a question of law is that relating to the admission in evidence of a certain book called "Exhibit M." It contained an account of work done, not only for the defendant, but for other parties. There was testimony tending to show that the book was correctly kept, and indeed to have been recognized by the defendant in his settlements with other persons as accurate. It was competent as evidence, and supplemented as it was in many respects by oral testimony, was admissible and entitled to such weight as in view of all the circumstances the referee thought proper to give to it. The general term have also considered this question, and in the conclusion reached by the learned judge who delivered its opinion we concur.

The remaining point relates to the allowance by the referee for services rendered by the plaintiff's hired men and teams. There is evidence which warrants it, but as no exception was taken, nor request made to find differently, it need not be discussed.

The trial was protracted; the record is voluminous, and it is evidence of the care taken by the trial court that the speculation and ingenuity of the defeated party fails to present questions for review concerning the proper disposition

of which any doubt can be entertained. We find no merit in any one of them.

The judgment appealed from should therefore be affirmed, with costs.

All concur.